UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BOBBY TAYLOR**                                **CASE NO. 2:22-CV-06221**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 9] filed by defendant American Security Insurance Co. ("ASIC"). Plaintiff opposes the motion. Doc. 12

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura and Hurricane Delta, which made landfall in Southwest Louisiana on August 27, 2020, and October 9, 2020. At that time plaintiff's home in Sulphur, Louisiana, was insured under a lender-placed policy issued by ASIC. Doc. 1, att. 2. The only insured named under that policy is plaintiff's mortgage lender, Citizens Bank N.A. ("Citizens"), and the policy's terms require that all benefits be paid to the named insured. *Id.* at 6, 21.

Plaintiff alleges that ASIC failed to timely or adequately compensate him for covered losses suffered in the hurricanes. He filed suit against ASIC in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on June 21, 2022, raising claims of breach of contract and bad faith under Louisiana law. Doc. 1, att. 1. After receiving plaintiff's initial disclosures and determining that the amount in controversy exceeded

$75,000, ASIC removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, on December 21, 2022. Doc. 1. It now moves for summary judgment, arguing that plaintiff is not entitled to any benefits under the policy. Doc. 9. Plaintiff opposes the motion, disputing his lack of standing and asserting that ASIC has waived this defense or should be equitably estopped from raising it because it treated plaintiff as a named insured under the policy. Doc. 12.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Plaintiff's Status Under Policy

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary. Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner). Here the policy clearly identifies plaintiff as "borrower," but not as a named insured. It does not reflect an intent, let alone a clear one, to benefit plaintiff. Accordingly, plaintiff is neither a named insured nor the recipient of a stipulation *pour autrui* and has no standing to pursue claims against ASIC unless he prevails on one of the defenses raised below.

### B. Waiver and Estoppel

The court now turns to plaintiff's arguments based on waiver and estoppel. Plaintiff shows that ASIC issued checks jointly to him and Citizens based on the Laura claim, in the amounts of $86,622.29 and $6,407.42, on September 28, 2020. Doc. 12, att. 1, pp. 5–6. In a letter sent to plaintiff the same date, as well as other correspondence sent in September and October 2020 relating to the status of that claim and a subsequent one made after Hurricane Delta, ASIC described him as an "Additional Name" underneath the listed insured and spoke of "your policy." *Id.* at 7, 35, 36, 38, 39, 40, 61, 62. ASIC's claim notes

also show that it identified plaintiff as the insured, client, or claimant multiple times and that it discussed settlement of the Hurricane Delta claim with plaintiff. Doc. 12, att. 2, pp. 44–48. ASIC likewise referred to plaintiff as the client, insured, and claimant in communications surrounding theft and wind claims made in February 2021. *Id.* at 36–43. Plaintiff further asserts, and ASIC does not dispute, that ASIC did not raise the issue of his lack of status under the policy until it filed the instant motion for summary judgment on January 30, 2023. Doc. 12, p. 17. Accordingly, plaintiff argues that ASIC has waived any defense based on his status under the policy or should be equitably estopped from asserting it now.

Under Louisiana law, waiver is "the intentional relinquishment of a known right, power or privilege." *F&M Mafco., Inc. v. Ocean Marine Contractors, LLC*, 434 F.Supp.3d 428, 438 (E.D. La. 2020) (quoting *Arceneaux v. Amstar Corp.*, 66 So.3d 438, 450 (La. 2011)). "[W]aiver may apply to any provision of an insurance contract under which the insurer knowingly and voluntarily elects to relinquish his right, power or privilege to avoid liability, even though the effect may bring within coverage risks originally excluded or not covered." *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371, 1375 (La. 1987). The burden of proving waiver is on the party claiming it. *FDIC v. Duffy*, 47 F.3d 146, 151 (5th Cir. 1995).

"Waiver principles are applied stringently to uphold the prohibition against conflicts of interests **between the insurer and the insured**." *Chubb v. Custom Ins. Co.*, 2006 WL 1663820, at *5 (E.D. La. June 15, 2006) (quoting *Steptore v. Masco Constr. Co., Inc.*, 643 So.2d 1213, 1216 (La. 1994)) (emphasis added). Generally, the defense may only

be asserted by the parties to the policy.[1] *Ins. Co. of N. Am. v. West of England Shipowners Mut. Ins. Ass'n*, 890 F.Supp. 1296, 1298 (E.D. La. 1995) (VANCE, J.); *see also Erem Investments, LLC v. Markel Intern.*, 2008 WL 2704558, at *8 (E.D. La. July 8, 2008) (ZAINEY, J.) (finding that "the policy rationale behind the benefit of waiver does not extend to" a plaintiff who was not insured under the policy). Outside the context of the Louisiana Direct Action Statute (infra, note 1), the court cannot find a single instance of waiver being successfully raised by a non-party/non-beneficiary to an insurance contract. The undersigned finds no justification for extending the defense, given the requirement under Louisiana law that the contract "manifest a clear intention to benefit the third party" that is lacking in this matter. *Joseph*, 939 So.2d at 1212.

As for estoppel, the doctrine "is disfavored in Louisiana law and rarely applied." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 118 So.3d 1203, 1223 (La. Ct. App. 4th Cir. 2013). To succeed on such a claim, the plaintiff must show (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to his detriment based on that reliance. *Id.* at 1222. Moreover, the plaintiff "must exercise such diligence as would reasonably be expected under the prevailing circumstances to avoid mistake or misunderstanding." *L.T. v. Chandler*, 917 So.2d 753, 758 (La. Ct. App. 2d Cir. 2005).

ASIC argues that plaintiff cannot show justifiable reliance or a change in position to his detriment. The court disagrees, however, finding at least an issue of material fact as to both issues. Plaintiff's receipt of checks from ASIC along with correspondence

---

[1] The Fifth Circuit has held, however, that a plaintiff has standing to assert waiver in the context of an injured third party to a policy under the Louisiana Direct Action Statute. *FDIC v. Duffy*, 47 F.3d 146 (5th Cir. 1995).

indicating that he had some status under the policy after filing homeowner's claims may have been enough to induce his reasonable reliance on those representations, without resorting to inspection of the policy itself. He asserts, and ASIC does not dispute, that he was not informed of this status until after he filed suit. Plaintiff also argues that, had he known of his lack of standing under the policy earlier, he would have insisted that Citizens pursue the claim on his behalf and "named Citizens as a party to this suit . . . and taken all other appropriate legal action against Citizens prior to paying off his mortgage." Doc. 12, pp. 16–17. Even though plaintiff was not individually entitled to benefits under the policy, losing the chance to have Citizens pursue the claim might have deprived him of additional funds to repair his property. Accordingly, summary judgment should be denied.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 9] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of February, 2023.

JAMES D. CAIN, JR.<br>
**UNITED STATES DISTRICT JUDGE**